**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) | |
| Movant, | ) | |
| v. | ) | Case No: |
| DANIEL C. CARAVETTE, | ) | Judge |
| Respondent. | ) | |

**DECLARATION OF ARIELLA OMHOLT GUARDI**
**IN SUPPORT OF THE SECURITIES AND EXCHANGE COMMISSION'S**
**MOTION FOR AN ORDER REQUIRING COMPLIANCE WITH SUBPOENAS**

I, Ariella Omholt Guardi, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the following is true and correct, and further that this declaration is made on my personal knowledge and that I am competent to testify as to the matters stated herein:

1. I am employed as a senior attorney with the Enforcement Division in the Chicago Regional Office of the Securities and Exchange Commission (the "SEC" or the "Commission"). I am a member of the bar of this Court.

2. I submit this Declaration in support of the Commission's Motion for an Order Requiring Compliance with Subpoenas directing respondent Daniel C. Caravette to comply with investigative subpoenas served upon him in connection with the Commission's non-public investigation entitled In the Matter of Accelera Innovations, Inc. (Internal File No. C-08191) (the "Accelera Investigation").

3. On May 8, 2015, the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony in the Accelera Investigation (the "Formal Order")., The Commission stands ready to provide a copy of the Formal Order to the Court, but

respectfully requests an *in camera* review because the Commission's investigation is non-public and ongoing.

4. The Commission, through the Formal Order, directed that a private investigation be conducted to determine whether, among other things, any persons have engaged, are engaging or are about to engage in violations of Sections 5(a), 5(c) and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a) and (c), 77q(a)], Sections 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b), 78o(a)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by various acts and practices reported in the Formal Order or by any act or practice of similar purport or object. Under the Formal Order, members of the Commission staff are empowered to, among other things, administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require that parties produce documents.

5. In the course of the Accelera Investigation, I identified Mr. Caravette as a consultant to Accelera. I determined from an analysis of e-mails and Accelera's corporate records that Mr. Caravette appears to have solicited investor funds for Accelera and other affiliated entities during a period that began as early as August 2013 and lasted up to at least April 2015. He also communicated with actual and prospective Accelera investors during that time frame.

6. Pursuant to the Formal Order, on February 2, 2016, the Staff issued a Commission subpoena requiring Mr. Caravette to produce certain documents to the Staff by February 17, 2016. A copy of that subpoena is attached hereto as **Exhibit 1**.

7. The February 17, 2016 subpoena called for the production of, among other things, communications between Mr. Caravette and investors or potential investors in Accelera or certain affiliated entities; documents concerning offerings of securities in Accelera or the

affiliated entities; and documents concerning monies received by Mr. Caravette from Accelera or the affiliated entities.

8. Prior to the deadline set forth in the February 2nd subpoena, an attorney named Keith Harrington contacted me and informed me that he represented Mr. Caravette. Mr. Harrington requested an extension of time until March 11, 2016 to comply with the February 2nd subpoena, which request was granted.

9. On March 10, 2016, Mr. Harrington provided me with a thumb drive and cover letter. The cover letter, which is attached hereto as **Exhibit 2**, indicated that Mr. Harrington had produced "all documents in possession of Daniel C. Caravette that would be responsive to the subpoena issued in the above referenced matter." It further said, "[i]f you need anything further please contact me."

10. The thumb drive provided by Mr. Harrington on March 10th contained eight PDF files, seven of which contained copies of e-mail messages to or from Mr. Caravette, and one of which contained a mix of e-mail messages and other records. However, none of the e-mail attachments were included in the production.

11. The missing e-mail attachments appear to contain information material to the Accelera Investigation, including investor lead lists, investor presentations, and investor communications. For example, one e-mail produced by Mr. Caravette appears to be an e-mail to a potential investor attaching several potentially important documents, including, among other things, a private placement memorandum, a document regarding a "pool" of common stock, and a PowerPoint presentation. But none of those attachments were included in Mr. Caravette's production. This e-mail is attached hereto as **Exhibit 3**.

12. In addition, Mr. Caravette did not produce records of his payment by Accelera or the affiliated entities. Aside from the e-mails, Mr. Caravette did not produce documents concerning offerings of securities.

13. On March 14, 2016, I contacted Mr. Harrington by telephone and informed him that I had identified several deficiencies in the production, including the missing e-mail attachments. Mr. Harrington told me he would confer with his client and then get back to me.

14. Mr. Harrington did not call me back. Over the next weeks, I attempted to contact Mr. Harrington by phone on several occasions. I left voicemail messages for Mr. Harrington, and I left messages with a receptionist.

15. On May 4, 2016, I wrote a letter to Mr. Harrington. That letter is attached hereto as **Exhibit 4**. In the letter, I asked that Mr. Harrington remit the balance of the documents responsive to the February 2, 2016 subpoena immediately, but not later than May 11, 2016.

16. Enclosed with the May 4, 2016 letter was a second subpoena, requiring Mr. Caravette to appear for testimony at the Chicago Regional Office of the SEC on May 27, 2016. That subpoena is attached hereto as **Exhibit 5.**

17. I caused the May 4, 2016 letter and the May 4, 2016 subpoena to be faxed to Mr. Harrington on May 4, 2016. I have attached a copy of the fax confirmation hereto as **Exhibit 6.** I also caused the letter and subpoena to be shipped to Mr. Harrington via UPS. A UPS Proof of Delivery is attached hereto as **Exhibit 7.**

18. Neither Mr. Harrington nor Mr. Caravette responded to the May 4, 2016 letter or the May 4, 2016 subpoena. They did not produce any documents to the SEC by the May 11, 2016 deadline.

19. On May 27, 2016, the staff proceeded with the scheduled testimony. Mr. Caravette did not appear. Neither Mr. Harrington nor Mr. Caravette appeared. Nor did they contact me regarding the scheduled testimony.

20. As of June 10, 2016, Caravette has not produced any documents to the Commission other than the documents included in his initial production on March 10, 2016.

I, Ariella Omholt Guardi, declare under penalty of perjury that the foregoing is true and correct. Executed on the 22nd of June, 2016

ARIELLA OMHOLT GUARDI
United States Securities and Exchange Commission
175 West Jackson Boulevard
Suite 900
Chicago, Illinois 60604